UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DANIEL DAVID HAWK,

       Plaintiff,

v.                                         Case No. 06-C-223

GERALD DANFORTH,

       Defendant.

**ORDER**

      Plaintiff Daniel Hawk filed this action against the defendant, who is the chairman of the Oneida Tribe of Indians of Wisconsin, asserting violations by the Tribe of the Native American Grave Protection and Repatriation Act (NAGPRA), 25 U.S.C. § 3001 *et seq.* Plaintiff alleges that there are burial sites, including those of his ancestors, underneath a Tribe parking lot. He asserts that the Tribe should have notified the families and should care for the grave sites accordingly, including providing proper burials. The defendant has moved to dismiss, citing the Tribe's sovereign immunity; he also argues that the plaintiff has failed to state a claim. The plaintiff, who appears pro se, has not responded to the motion. For the reasons given herein, the motion will be granted and the case dismissed.

      Although the Tribe spends most of its argument asserting its sovereign immunity, it seems wiser to address the merits of the claims alleged than to assume the Tribe is actually immune; the plaintiff seeks injunctive relief, and it is not clear that immunity applies in that instance. *See TTEA v. Ysleta Del Sur Pueblo,* 181 F.3d 676, 680-81 (5th Cir.1999) (finding that Indian tribe enjoys

sovereign immunity from an award of money damages only, not with respect to declaratory or injunctive remedies). Looking to the complaint's allegations, it is clear that the NAGPRA provides no remedy to the plaintiff. "The NAGPRA exists to give protection to Native American artifacts, cultural items, and other such objects 'having ongoing historical, traditional, or cultural importance central to the Native American group or culture itself, rather than property owned by an individual Native American.'" *Castro Romero v. Becken,* 256 F.3d 349 354-55 (5th Cir. 2001) (quoting 25 U.S.C. § 3001(3)(D)). According to two commentators, "NAGPRA requires federal agencies (excluding the Smithsonian Institution) and museums (including state and local governments and educational institutions) to return human remains and associated funerary objects upon request of a lineal descendent, Indian tribe, or Native Hawaiian organization where the museum or agency itself identifies the cultural affiliation of the items through the required inventory process." Jack Trobe & Walter Echo-Hawk, "The Native American Graves Protection and Repatriation Act: Background and Legislative History," 24 Ariz. St. L.J. 35, 61 (1992).

Thus, there are two central problems with the complaint. First, the NAGPRA applies mainly to federal agencies and museums, and the Tribe is neither. *See, e.g.,* 25 U.S.C. § 3003(a) ("Each Federal agency and each museum which has possession or control over holdings or collections of Native American human remains . . ."); 25 U.S.C. § 3004(a) ("Each Federal agency or museum which has possession or control over holdings or collections of Native American unassociated funerary objects, sacred objects . . .") ; 25 U.S.C. § 3005(a) (applying to "Repatriation of Native American human remains and objects possessed or controlled by Federal agencies and museums").

Second, to the extent § 3002 could apply without respect to whether a museum or agency is involved, the Act applies only to remains or artifacts that are "excavated or discovered"–not to

2

Case 1:06-cv-00223-WCG    Filed 08/17/06    Page 2 of 3    Document 10

remains that may be still buried. 25 U.S.C. § 3002(a). "The NAGPRA establishes rights of tribes and lineal descendants to obtain repatriation of human remains and cultural items from federal agencies and museums, and protects human remains and cultural items *found* in federal public lands and tribal lands." *Castro Romero,* 256 F.3d at 354 (italics added). In the plaintiff's view, the Tribe should excavate under the parking lot to *find* the remains he asserts are there. This has the Act backwards. Simply put, no provision in the Act that requires a Tribe or anyone else to excavate an area in order to find remains or other artifacts. Accordingly, I conclude that NAGPRA provides no remedy and that the complaint fails to state a claim for which relief may be granted.

**THEREFORE, IT IS ORDERED** that the motion to dismiss is **GRANTED** and the case is **DISMISSED**.

Dated this   17th   day of August, 2006.

s/ William C. Griesbach
William C. Griesbach
United States District Judge